IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DIANA MEY, individually and on behalf
of all persons and entities similarly
situated,

        Plaintiffs,

v.                                  Civil Action No. 5:11CV47
                                                    (STAMP)
PINNACLE SECURITY, LLC,

        Defendant.


          **MEMORANDUM OPINION AND ORDER**
    **GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
         **AND DENYING AS MOOT PLAINTIFF'S MOTION**
             **TO EXTEND AND ENLARGE DISCOVERY**

                    I.  Background

     On January 10, 2011, the named plaintiff in the above-styled civil action ("Mey") received an allegedly unsolicited, automated telephone call on a cell phone that she owned and was being used by her son ("the Call").  The Call was allegedly an automated advertisement for the defendant, Pinnacle Security, LLC's ("Pinnacle") goods and services, and failed to identify the business, individual or other entity responsible for the initiation of the Call.  The named plaintiff claims that the Call also failed to include a phone number of the entity on whose behalf the Call was made.

     As a result of the Call, Mey filed this putative class action in the Circuit Court of Ohio County, West Virginia, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C.

§ 227 ("TCPA" or "The Act"), and seeking injunctive and monetary relief. Mey claims that the Call violated the TCPA's prohibition against unsolicited, automated sales phone calls, and alleges that Pinnacle is liable under the Act because, even if Pinnacle did not directly place the Call, it was made on Pinnacle's behalf. The complaint also raises class allegations that assert that Pinnacle has engaged in widespread advertising via unsolicited prerecorded telemarketing calls throughout the United States such as the one received by the cell phone belonging to Mey.

Pinnacle then removed this case to this Court, citing federal jurisdiction under both 28 U.S.C. §§ 1331 and 1332. Specifically, Pinnacle asserted that the TCPA supported federal question jurisdiction, and that diversity jurisdiction is supported both by the named parties to this action and by the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat, 4 (2005) (codified throughout 28 U.S.C.). Following removal, this Court directed the parties to engage in limited merits discovery prior to engaging in any class certification related discovery. This Court also directed the parties to file any motions relating to that limited merits discovery at the close of that discovery period. Following this limited merits discovery period, Pinnacle filed a motion for summary judgment and Mey filed a motion to extend and enlarge discovery. Both of these motions are now fully briefed and ripe for disposition by this Court. For the reasons that follow,

Pinnacle's motion for summary judgment is granted and Mey's motion to extend and enlarge discovery is denied as moot.

## II. Applicable Law

Under Rule 56(c) of the Federal Rules of Civil Procedure,

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Id. at 256. "The inquiry performed is the threshold inquiry of determining whether

there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979) (Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. See Oksanen v. Page Mem'l Hosp., 912 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

III.  <u>Discussion</u>

The TCPA was enacted in 1991 to regulate the growing telemarketing industry in the United States.  The Act prohibits the placement of prerecorded telemarketing calls to telephone numbers that have not approved of or acquiesced in the receipt of such calls.  The Act provides two types of private rights of action for violation of the TCPA.  First, 47 U.S.C. § 227(b)(3) provides for a right of action "based upon a violation of [subsection (b) of the TCPA]" for injunctive and/or monetary relief.  Secondly, 47 U.S.C. § 227(c)(5) provides a private right of action to those who have "received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under [subsection (c)]."

Mey concedes that she only received a single call allegedly placed on behalf of Pinnacle, and is, therefore, not eligible to bring a claim under § 227(c)(5).  Accordingly, this case must be construed as filed pursuant to § 227(b)(3).  She further concedes that, because the Call was placed to a cellular telephone, if the Call violated the TCPA, it violated § 227(b)(1)(A)(iii).  Additionally, for purposes of the motion for summary judgment only, Pinnacle concedes that the Call was made to the cell phone under Mey's name.  The parties also agree that the Call which is the subject of Mey's complaint was placed not by Pinnacle directly, but they disagree as to whether the Call may have been placed by a lead

generator on behalf of Pinnacle.  Accordingly, if liability is to be assessed against Pinnacle, it must be based upon a theory of liability which would impose liability upon Pinnacle for the call placed by a third party.  It is on the basis of these facts that Pinnacle asserts that summary judgment in its favor is appropriate because, as a matter of law, § 227(b)(3) does not specifically provide for "on behalf of" liability.

As stated above, Mey agrees that for the Call to violate the TCPA, it must have violated § 227(b)(1)(A)(iii).  That statutory section provides that it is a violation of the TCPA "for any person . . . to make any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice -- to any telephone number assigned to a . . . cellular telephone service . . . ."  Further, as quoted above, § 227(b)(3) provides a private right of action "for the violation of" § 227(b)(1)(A)(iii).  Pinnacle maintains that, based upon the plain language of subsection (b)(1)(A)(iii), only those that actually place the unlawful call can be held liable  there for.  It also asserts that this is strengthened by the fact that § 227(b)(3) simply provides for liability for "the violation of" subsection (b), while § 227(c)(5) specifically provides for a private right of action for unlawful calls "by or on behalf of" an entity.  Pinnacle argues that the difference in language between the two grants of a private right of action must be given effect.

6

Mey acknowledges the differences in the language of the two right of action sections as discussed above, but asserts that § 225(b)(3) nonetheless provides for "on behalf of" liability, because to find otherwise would be to frustrate Congress's purpose behind the TCPA. She maintains that the purpose of the Act was to put an end to these types of calls, without specific regard to the entity placing such calls, and that a finding that § 227(b)(3) does not provide for "on behalf of" liability would allow companies to avoid liability simply by hiding behind contracted third parties. Such an option, claims plaintiff Mey, would not put an end to the calls sought to be prohibited by the Act. Mey also cites statements by the FCC which assert that the TCPA creates strict "on behalf of" liability generally. She urges this Court to give these statements the controlling weight mandated by Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837 (1984).

However, this Court does not believe that the FCC statements noted by Mey are entitled to Chevron deference. Not only are the quoted statements not part of a regulation issued by the FCC, as Mey also outlines in her response to Pinnacle's motion for summary judgment, the FCC has not actually issued a defined position on strict "on behalf of" liability under § 227(b)(3). The Commission is apparently currently in the process of reconsidering the extent of such liability under subsection (b). In the Spring of 2011, the FCC released a public notice requesting comment on the issue of

7

strict "on behalf of" liability under § 227(b)(3), and this Court has not received information that a ruling has yet been issued on the matter. 26 FCC Rcd 5040. The United States Court of Appeals for the Fourth Circuit has asserted that Chevron deference applies to "final agency actions," but is not appropriately applied to "public comments" or "non-final agency actions." Stone v. Instrumentation Lab Co., 591 F.3d 239, 245-46 (4th Cir. 2009). The FCC quotes which Mey cites amount to just that; agency comments not entitled to preclusive effect.

Further, this Court cannot ignore the obvious difference in language between § 277(c)(5) and § 227(b)(3). With regard to the right of action created under subsection (c), Congress specifically provided for strict "on behalf of" liability, but in creating a right of action for violations of subsection (b), it notably made no mention of such strict liability. In interpreting such statutory construction, the United States Supreme Court has clearly held that "[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." Russello v. United States, 464 U.S. 16, 23 (1983). Mey has not provided controlling case law to support her assertion that this presumption does not apply under the TCPA, and as above explained, has also failed to provide sufficient evidence of the FCC's position on the

8

issue which would convince this Court that this presumption should be disregarded in this case. Accordingly, this Court finds that the TCPA does not provide strict "on behalf of" liability under § 277(b)(3). See also Thomas v. Taco Bell Corp., 2012 U.S. Dist. LEXIS 107097, No. SACV 09-01097-CJC (Cent. D. Calif. June 25, 2012) (finding that no "on behalf of" liability exists under § 277(b)(3)).

However, Mey also asserts that, if strict liability is not provided for by the Act, she may still successfully prove liability through general tort joint venture or agency liability principles. In response to this argument, Pinnacle maintains that, because private actions under the TCPA are statutorily created, only actions specifically created by the Act can be maintained. The TCPA does not provide for vicarious liability, so such liability cannot be asserted. However, this argument overlooks the United States Supreme Court's position on the use of common law vicarious liability in conjunction with a statutorily created tort right of action. In Meyer v. Holley, 537 U.S. 280, 285 (2003), the Court found that "when Congress creates a tort action, it legislates against a legal background of ordinary tort-related vicarious liability rules and consequently intends its legislation to incorporate those rules." It is with this position in mind that this Court finds, because the TCPA does not explicitly foreclose

vicarious liability, such a theory of liability is available under the Act.

Pinnacle argues that this finding is "absurd" in the face of a finding that the TCPA does not provide for strict "on behalf of" liability. This Court disagrees. The "on behalf of" liability provided for by the TCPA in § 227(c)(5) is a strict liability theory that requires no connection to the wrongdoing on the part of the defendant outside of a showing that a call was made on its behalf. However, under relevant case law, in order to prove vicarious liability under agency law, more of a connection to the caller must be shown. In order to prevail under this theory, Mey must show that the actual caller "acted as an agent" of Pinnacle, "that [Pinnacle] controlled or had the right to control them and, more specifically, the manner and means of the [solicitation] campaign they conducted." Thomas, 2012 U.S. Dist. LEXIS 107097 at *13; see also Hooters of Augusta, Inc. v. Nicholson, 537 S.E.2d 468, 472 (Ga. Ct. App. 2000) (TCPA subsection (b) violations of an independent contractor may only lead to liability if defendant controlled had right to control "means, method and manner of executing the work.").

This finding is also in line with the purpose behind the TCPA. Mey asserts throughout her response to the motion for summary judgment that a finding that "on behalf of" liability is not provided for by § 227(b)(3) would result in the ability of

companies to hide behind entities that they hire to place unlawful calls, and avoid liability. However, if vicarious liability is available under subsection (b), entities would not be permitted to so hide. While strict liability does not attach, but rather must be premised upon some control over the calling entity, entities with the ability to control whether calls on their behalf are made within the confines of the law or violate the Act will still be held liable for calls made on their behalf.

    This being said, this Court finds that in this case, Mey has failed to create an issue of material fact with regard to Pinnacle's ability to control the manner and means of the calls made on its behalf. Pinnacle has presented evidence, by way of an affidavit, that calls that it makes directly are only placed by live agents. However, it admits that it purchases leads from outside vendors, and that at the time of the Call, it utilized four "outside companies" to provide sales leads. These companies included the entity believed to have placed the call, Elivate Media, LLC. Evidence provided by Pinnacle also makes clear that Pinnacle has little to no control over the means or manner by which these companies generate sales leads for Pinnacle. An affidavit by Pinnacle's manager of lead generation asserts that he was "informed" that these lead generators utilize prerecorded calls and that the lead generators "warrant to Pinnacle that they are fully compliant with all state and federal laws." ECF No. 26 Ex. 2 *2.

Further, a second affidavit by Pinnacle's manager of lead generation asserts that, after receiving complaints regarding the number from which the Call was placed, he endeavored to find out whether any of the lead generators used that number, and sent correspondence asking the lead generators if they used the number which generated the Call or if they ever called Mey's number. ECF No. 26 Ex. 3; see also ECF No. 32 Ex. 4. The evidence presented suggests that Pinnacle does not even have access to the records and/or the calls made by its lead generators, let alone control over the same. Further, Mey has provided evidence which suggests that the lead generators used directly by Pinnacle also outsource lead generation for Pinnacle to third parties with which Pinnacle has no relationship. ECF No. 32 Ex. 4. These statements strongly indicate that Pinnacle plays a passive role in its interaction with lead generators. Ms. Mey has presented no evidence to suggest that Pinnacle has control over the means and manner by which its lead generators place calls on its behalf.

Mey also asserts that more discovery is necessary in order to allow her to create a genuine issue of material fact with regard to the relationship between Pinnacle and the entity which placed the Call. This Court finds that the preliminary discovery period provided ample opportunity to determine the necessary facts regarding this relationship. In the order of this Court which set the schedule and scope of the limited merits discovery to be

conducted prior to the filing of this motion for summary judgment, this Court specifically included in that discovery "the relationship, if any, between the holder of the telephone number [from which the Call was placed] and the defendant. ECF No. 18 *2. Pursuant to this order, all information regarding the extent of this relationship was within the scope of initial discovery, and thus should have been uncovered. Accordingly, Mey has had a full opportunity to provide this Court with a genuine issue of material fact with regard to the availability of vicarious liability between Pinnacle and the suspected caller. Mey has failed to create such an issue, and thus her complaint must be, and is, dismissed. As a result, Mey's motion to extend and enlarge discovery is denied as moot.

## IV. Conclusion

For the reasons stated above, Pinnacle Security LLC's motion for summary judgment is GRANTED. Accordingly, Diana Mey's motion to extend and enlarge discovery is DENIED AS MOOT. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment for defendant Pinnacle Security, LLC in this matter.

DATED:        September 12, 2012

                                                <u>/s/ Frederick P. Stamp, Jr.</u>
                                                FREDERICK P. STAMP, JR.
                                                UNITED STATES DISTRICT JUDGE